# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

**William G. Wilson Jr.**

    **Plaintiff**

**Vs.**

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF DRIVER LICENSES, AND SANDRA C. LAMBERT, in her capacity as its Director of DDL,**

    **Defendant**

_____/

**CASE NO :**

8:10 CV 1885 17 MAP

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA, FLORIDA

10 AUG 24 AM 10: 57

FILED

## COMPLAINT

The Plaintiff ( William G. Wilson Jr. ) hereby files his lawsuit against the Defendants ( Fl. DHSMV, DDL, Sandra C. Lambert ) for the revocation of Plaintiff's license in June 2007 for offenses committed in the state of Tn. in 1998, when he was a resident of Tn. on his Tn. license, and Ms. Lambert's fabrication of the cause for the revocation, violating the Plaintiff's right to due process (double jeopardy) for revoking his license for a second time for the same offenses, his freedom of choice, to work as a truck driver and live in the state of Fl. and the process is unfair. Also violation of Fl. state laws, unauthorized actions and **Plaintiff's exhibits will be referred to as P.A.__ .**

1



penalties. The Plaintiff seeks relief and damages for the Defendants violating his

5th and 14th amendments under 42 U.S.C. § 1983.

> Title 42 U.S.C. Chapter 21>Subsection 1>1983 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, Subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Plaintiff drives a truck for a living, and has a CDL Class "A" license

(commercial drivers license) which allows him to drive in all 50 states, and live in

one state and work for a company located in a different state, as long as the job

requires driving across state lines. The Defendants could not prevent the Plaintiff

from driving on the roads of this state prior to moving to the state of FL. when,

when he was a resident of Tn.

The Plaintiff moved to the state of Florida in December 2005, and was issued a

license. (PA. 1)At that time the Defendants knew of the convictions in Tn. And Ga.

This is shown on at the bottom of page 2 of the application for the license (PA. 2 ).

and also on the Plaintiff's driving record (PA. 3) which shows the offenses were

committed in the state of Tn. on his Tn, license when he was a resident of Tn. and

the reinstatement date. This is supported by the Court documents, the reinstatement

application, and a letter from the state of Tn. (PA. 4) The convictions were not an

2

issue at that time. The Plaintiff was with the understanding that he could keep the

license as long as he obeyed the laws of this state. He was never informed that the

Defendants could come back later and revoke his license for the offense. If the

Plaintiff had been informed of this he would have returned to Tn. and keep his

Tn. license, and still have a job. The Plaintiff was legally issued the license by

statue F.S. 322.03(2) and the license were approved F.S. 120.60 (1).

> FS. 322.03 ( 2 ) Prior to issuing a drivers license, the
> Department shall require any person who has been convicted
> two or more times of a violation of FS.316.193 or of a
> substantially similar alcohol-related or drug-related offense
> outside the state within the preceding 5 years, or has been
> convicted or 3 or more such offenses within the preceding
> 10 years, to present proof of successful completion of or
> enrollment in a department-approved substance abuse
> education course If the person fails to complete such
> education course Within 90 days after issuance, the
> department shall Cancel the license.
>
> FS. 120.60 ( 1 ) An application shall be considered
> complete upon receipt of all requested information and
> correction of an error or omission for which the
> applicant was timely notified or when the time for such
> notification has expired. Every application for a license
> shall be approved or denied within 90 days after
> receipt of a complete application unless a shorter
> period of time for agency action is provided by law.

This shows the Plaintiff is entitled to the license by statute and prior to moving

to the state of Fl. The courts have stated that a drivers license is a protectable

property interest. In <u>Bell v. Burson,</u> 402 U.S. 535, 539 (1971) the Supreme Court

stated:

3

> Once licenses are issued, as in petitioner's case, their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the 14[th] Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege."

Also in <u>Logan v. Zimmerman Brush Co.,</u> 455 U.S. 422, 430-31 (1982) (listing driver's licenses as federally protected property interest) see also <u>Dixon v. Love,</u> 431 U.S. 105, 112 (1977) stating ( " it is clear that the Due Process Clause applies to the deprivation of a driver's license by the state"). In <u>Wheeler v. Dep't of Highway Safety & Motor Vehicles,</u> 297 So. 2d 128,129-30 (Fla. 2d DCA 1974 ) ( finding a driver is entitled to a hearing before his license is Suspended). See also <u>Dep't of HSMV v. Pitts.</u> 815 So. 2d 738, 743 (Fla. 1st DCA 2002) stating (the suspension of a driver's license implicates a protectable Property interest " and due process applies to its denial")

On April 2, 2007 the Plaintiff was issued a ticket for speeding in the state of Texas, and he failed to pay the ticket, and an Order of Suspension was issued by the Hartley County Court on June 15, 2007, and sent to the Defendants. (PA. 5 ) It was at this time the Defendants made a personal decision to revoke the Plaintiff's license based only on his past driving record, which was not a

issue At the time of issuance of the license. The Order of Revocation was sent to the wrong address, and the Plaintiff never received the notice.

The Plaintiff was informed of the revocation at the Port of Entry in Lamar, Colorado on January 17, 2008. **(PA. 6 )** The Plaintiff paid the Texas ticket and a notice of Withdrawal of Suspension was issued on January 21,2008 **(PA. 5)** The Plaintiff contacted the Defendants and was told his license were revoked for the offenses in Tn. And Ga. He explained these were old offenses when he was a resident of Tn. on his Tn. license. He was informed that the law allowed them to revoke his license for those offenses. As a result the Plaintiff lost his livelihood and job at that time. **(PA. 7 )**.

When the Plaintiff returned to Fl. he contacted Ms. Lambert, showed that he was not a resident of Fl. at the time, and he never received the Order of Revocation. Ms. Lambert told me the law allowed them to revoke my license, ask me if I had a lawyer. The issue never got resolved. After showing I was not a resident, and ask for a copy of the Order of Revocation that was sent to the wrong address. On February 8, 2008 the Plaintiff received an e-mail from Ms. Lambert **(PA. 8 )** Ms. Lambert stats that in December 2005 my license were in good standings, however, on June 21, 2007 our agency received four convictions for dui from the states of Tn. and Ga. The same offenses that were cleared on the application in 2005 **(PA. 2 )**. At the same time Ms. Lambert

stats she received the convictions on June 21,2007, this was 6 days after the Order of Suspension was issued from Texas June 15,2007. The Plaintiff made a request for the information received from Ga. and Tn. on June 21, 2007 through the Public Records Act F.S.119. Plaintiff received a letter from Gail Singletary (Section Supervisor, Bureau of Records) **(PA. 9 )** she stats that the Information was electronically reported. However, she has copies of the Court documents she requested, and at the top of page one in **(PA. 4 )** it shows they were electronically transmitted on May 3,2010, at 8:10. Ms. Lambert made a incorrect statement, that she received the convictions from Tn. and Ga. On June 21, 2007, Ms. Lambert never received any information from Tn. nor Ga., and can show no record of any information. Ms. Lambert is attempting to justify the revocation, since there has been no offense committed, and no cause for the revocation.

On February 11, 2008 the Plaintiff received a **( corrected )** Order of Revocation, **( PA. 10)** it shows two offenses and F.S. 322.24 and 322.28. this is after the Plaintiff disputed the original Order of Revocation.

> FS. 322.24 The department is authorized to suspend or revoke the license of any resident of the state , upon receiving notice of the conviction of such person in another state or foreign country of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of his or her license.

> FS. 322.28 Period of suspension or revocation.

The corrected Order is another attempt to justify the revocation. The corrected Order is irrelevant, since the damage has already been done, the Plaintiff lost his job and livelihood, and the violation of his liberties and freedoms. The Defendants do not get to revoke the license and then search for a cause and justification for the revocation.

The evidence in this instant case clearly shows the Defendants revoked the Plaintiff's license without cause, violating his right to due process, freedom of choice, and the process violates the fundamentals of fairness. The Plaintiff's issues and claims are as follow.

Claim 1: The offenses were committed in the state of Tn. on Plaintiff's Tn. license, when he was a resident of Tn. And the cases were adjudicated in 2000. The Defendants have no jurisdiction over the offenses.

Claim 2: The Defendants knew of the offenses in 12/2005 when Defendants issued the license, and the license were approved, and the offenses were not an issue at that time.

Claim 3: Ms. Lambert stats the cause of the revocation in June 2007 was they received the convictions from Tn. on June 21,2007, however there is no record of any information from the state of Tn. and the offenses are shown on the on the application for the license in 12/2005.

Claim 4: The revocation for the same offenses a second time violates the

Plaintiff's 5th and 14th amendments, right to due Process (double jeopardy) and the process of issuance of the license in 12/2005 and then revoking the license in 6/2007 when no offense has been committed, and without cause, violates the Plaintiff's right to fairness.

Claim 5: The Plaintiff enjoyed the freedom to choose the profession of driving a truck for a living in the state of Tn. prior to moving to Fl. The Defendants extended that right in 12/2005 and now are depriving the Plaintiff of that right without cause, and no offense being committed.

## RELEIF AND DAMAGES SOUGHT

The Plaintiff seeks relief from the DHSMV for the violation of his rights and freedoms due to the acts of their employees, knowing the abuse and illegal acts committed by them, as in the Class Action Case (Plaintiff's )MARY ANN COLLIER, ARTHUR L. WALLACE, ROY McGOLDRICK, and ROBERT PINO. (Defendants) FRED O. DICKINSON, CARL A. FORD, and SANDRA C. LAMBERT. Case No: 04-2135-CIV-MARTINEZ-BROWN. For violating the citizens rights, by selling their personal information and violating Federal Code 18 U.S.C. 2721 and 2725, Drivers Privacy Protection Act. The DHSMV allows employees such as Ms. Lambert, to keep their position as Director and her continuing lack of respect for the law and the rights of the citizens of this state. Because of their negligents, and Ms. Lambert representing the DHSMV,

They are responsible for the loss of the Plaintiff's job and livelihood, and loss wages in the amount of $90,000.00 and asking for punitive damages in the amount of $10 million dollars, to send a message to the Defendants that they need to do a better job and stop this abuse, and clean up and supervise their employees better, and stop violating the rights of the people as in this instant case.

The Plaintiff is also seeking punitive damages from Ms. Lambert in the $5 million dollars, that it was her personal decision, without any direction from any Court or the state of Tn. And that she fabricated the cause for the revocation in June 2007, base only on her disapproval of the Plaintiff's prior driving record. It appears Ms. Lambert still practices the same actions as in the previous case. Apparently she did not get the message in the prior case, and she needs a little harsher punishment, just as she likes to hand out to violators of the law. The Plaintiff also request his license be reinstated without cost or conditions.

## CONCLUSION

The Plaintiff's lawsuit may not be in perfect legal form and may not be legal language, however he has done the best he can by the hand he has been dealt by the state of Fl. the state provide no legal assistance for defense against actions by the Defendants. Even though the action is a

direct result of a criminal offense. The state provides aid in civil cases as to family law cases, however in administrative actions there is no aid. This puts the Plaintiff at a great disadvantage to defend himself from the illegal acts of the Defendants. However the evidence is clear in this instant case The Defendants issued the license knowing of the offenses, and approved The license in the 90 day period stated in F.S. 120.60.in 12/2005. Then comes back almost 2 years later and revokes the license for the same offense a second time. No matter how it is looked at, this is wrong, and the Plaintiff is protected by the 5th and 14th amendments due process, from the Defendants actions. The issue the Defendants have and will not address is the time from 12/2005 till 6/2007 and the cause of the revocation at that time, their own evidence shows there is no defense for their actions. The Plaintiff welcomes the day he gets to bring his issues to court, so justice can be served and justice for all.

Respectfully Submitted,

*William H. Wilson Jr.*

William G. Wilson Jr.   (Pro-Se)
5104 Who Dat Rd.
Plant City, Fl. 33565
813-982-0005

## CERTIFICATED OF SERVICE

I hereby certify that a true and correct copy of the forgoing was furnished by mail this 2 4 day of August, 2010, to Florida Department of Highway Safety and Motor Vehicles, Legal Department, 2900 Apalachee Pkwy. Tallahassee, Fl. 32399-0500, and Division of Drivers license, Attn: Sandra C. Lambert.


*William G Wilson J.*
William G. Wilson Jr.  (Pro-se)
5104 Who Dat Rd.
Plant City, Fl. 33565
813-982-0005
bgwilsonjr@tampabay.rr.com