UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM G. WILSON, JR.,

    Plaintiff,

v.                       CASE NO. 8:10-CV-1885-T-17MAP

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, DIVISION OF
DRIVER LICENSES, and
SANDRA C. LAMBERT, in
her capacity as its Director
of DDL,

    Defendant.
_____/

ORDER

This cause is before the Court on:

Dkt. 6   Motion for Default Judgment
Dkt. 8   Report and Recommendation
Dkt. 9   Objections to Report and Recommendation
Dkt. 10  Amended Objection

Plaintiff William G. Wilson, Jr. filed a Complaint for violation of 42 U.S.C. Sec. 1983, in which Plaintiff alleges violations of Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. Plaintiff Wilson alleges that Defendant revoked Plaintiff's driver's license without cause, based on Plaintiff's prior convictions for driving under the influence, in violation of Plaintiff's right to procedural due process. Plaintiff further alleges that his license has been revoked twice for the same offense, in violation of the double jeopardy clause of the Fifth Amendment.

The Court takes judicial notice of the docket and record in

Case No. 8:10-CV-1885-T-17MAP

Case No. 8:08-CV-786-T-17MSS, William Wilson v. Florida Division of Driver Licenses, a related case filed by Plaintiff Wilson on the same issues raised in this case.

The assigned Magistrate Judge issued a Report and Recommendation in which it is recommended that this case be dismissed because it is frivolous. After considering the applicable law and record of Plaintiff's convictions, the assigned Magistrate Judge concluded that Plaintiff's claims have no arguable merit in law or fact.

Plaintiff Wilson submitted Objections and Amended Objections to the Report and Recommendation. The Court has independently examined the pleadings, including the exhibits to the Complaint, which were not scanned because the exhibits contain personal information.

I.  Standard of Review

Local Rule 6.02, Local Rules of the Middle District of Florida, provides that the District Judge may accept, reject or modify in whole or in part, the report and recommendation of the magistrate judge or may receive further evidence or recommit the matter to the magistrate judge with instructions. Upon the filing of written objections to the magistrate judge's recommendation, the district judge makes a de novo determination of the portions of the report to which objection was made.

II.  Discussion

A.  Controlling Principles of Law

Case No. 8:10-CV-1885-T-17MAP

In a Section 1983 case, the plaintiff must demonstrate that he was deprived of a federally-protected right by a person acting under color of state law. <u>Patrick v. Floyd Med. Ctr.</u>, 201 F.3d 1313, 1315 (11th Cir. 2001). Possession of a driver's license is a right created by state law, and therefore is not a right that is protected by the substantive due process protection of the Fourteenth Amendment. Procedural due process protects against deprivation of a driver's license by the State. <u>Dixon v. Love</u>, 431 U.S. 105 (1977). Due process requires that a citizen be given notice and an opportunity to be heard before a government official seizes his property. <u>Quik Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County</u>, 279 F.3d 1316, 1322 (11th Cir. 2002). Where an adequate postdeprivation remedy is available, no procedural due process violation has occurred. In challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. <u>Hudson v. Palmer</u>, 468 U.S. 517, 539-540 (1984).

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." <u>See</u> <u>U.S. Constitution amend. V</u>. The Supreme Court has consistently interpreted this provision "to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." <u>Missouri v. Hunter</u>, 459 U.S. 359, 365 (1983). The Double Jeopardy Clause provides three basic protections: it protects against a second prosecution for the same offense after acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. <u>Ohio v. Johnson</u>, 467 U.S. 493, 498 (1984).

Case No. 8:10-CV-1885-T-17MAP

B. The Report and Recommendation

In the Report and Recommendation, the assigned Magistrate Judge discussed the facts established by the attachments to the Complaint: 1) 2 convictions in 1977 in Florida for driving or in physical control of a vehicle while intoxicated (Dkt. 1, Exh. 3); 2) 2 convictions for driving under the influence in Tennessee, in 1998 and 1999, and a conviction for driving while impaired by alcohol in Tennessee in 1999; 3) a conviction for driving under the influence in Georgia in 2003; 4) a permanent revocation in Tennessee based on having 4 or more DUI's; 5) an indefinite suspension of Plaintiff's license in 2007 in Texas, after Plaintiff was found speeding in excess of the posted maximum while in a commercial vehicle in 2006. On Plaintiff's driver's license application for a commercial driver license, Plaintiff Wilson's responses to the questions indicate that Plaintiff never had his driving privilege revoked, suspended or denied in any state; had never been convicted of an alcohol or drug related offense in his lifetime; had never been convicted of a DUI/DWI four or more times in his lifetime; had never been convicted of a DUI/DWI three times within ten years; and had never been convicted of a DUI/DWI two times within five years. The application indicates Plaintiff's "DL record" had been cleared in Georgia and Tennessee ( Dkt. 1, Exh. P.A. 2).

After considering Plaintiff's application, Defendant Department issued Plaintiff Wilson a Class A commercial driver license on December 16, 2005. On June 21, 2007, Defendant


Case No. 8:10-CV-1885-T-17MAP

Department received notice of four convictions for driving under the influence from Tennessee and Georgia. The records attached to Plaintiff's Complaint indicate the following alcohol-related offenses and subsequent convictions: 1) 6/6/1977 - Pinellas County, FL; 2) 8/19/1977 - Pinellas County, FL; 3) 9/15/1998 - Tennessee; 4) 9/26/1998 - Tennessee; 5) 2/24/2002 - Georgia; 6) 10/11/1998 - Tennessee. Based on Plaintiff's two prior Florida convictions for driving under the influence, Plaintiff Wilson had a total of six convictions, and therefore Defendant Department permanently revoked Plaintiff Wilson's driver license under Florida law.

The assigned Magistrate Judge explained Florida's statutory scheme, which permits the Department to suspend or revoke a driver's license without a preliminary hearing upon a showing of its records or other sufficient evidence where that person has committed an offense in another state which, if committed in this state, would be grounds for suspension or revocation. See Ch 322.27, Florida Statutes. The assigned Magistrate Judge concluded that, pursuant to Ch. 322.24 and 322.28, Florida Statutes, Defendant Department was required to permanently revoke Plaintiff Wilson's license. Although Plaintiff obtained a Florida license in 2005, the Department did not receive notice of Plaintiff's additional convictions until June, 2007. The assigned Magistrate Judge further found that Defendant Department had complied with the statutory scheme to provide notice to Plaintiff, which was provided on February 11, 2008. The revocation Orders notified Plaintiff Wilson as to the procedure to seek an administrative hearing to review his records, and to present argument to a hearing officer as to why the permanent revocation was unjustified. As noted in the Report and Recommendation,

Case No. 8:10-CV-1885-T-17MAP

Plaintiff did not provide any evidence that Plaintiff Wilson availed himself of the remedies.

The Court notes that The State of Florida removed the Georgia conviction (Dkt 4, Case No. 8:08-CV-786-T-17MSS), but issued corrected orders of permanent revocation based on the fourth and fifth convictions for DUI. In the corrected orders, the State of Florida issued notice of the permanent revocation to Plaintiff Wilson on February 11, 2008 (Exh. 10). The orders identified the applicable Florida Statutes providing the authority to revoke Plaintiff's license, Ch. 322.24 and Ch. 322.28, Florida Statutes, as well as the procedure to obtain review.

2. Plaintiff's Objections

Plaintiff Wilson has asserted fourteen objections to the Report and Recommendation.

a. Procedural Due Process - Administrative Hearing (Plaintiff's Objection #9)

Plaintiff Wilson now alleges that Plaintiff had an administrative hearing on April 3, 2008, and the suspension was sustained on May 5, 2008.

The final order issued after the administrative hearing is attached to Plaintiff Wilson's Objections (Dkt. 9, p. 8). The Court notes that Ch. 322.31, Florida Statutes, provides that the final orders and rulings of Defendant Department are reviewable as provided by the Florida Rules of Appellate Procedure **only** by a

Case No. 8:10-CV-1885-T-17MAP

writ of certiorari to the circuit court in the county where the person resides, in the manner prescribed by the Florida Rules of Appellate Procedure. The final order of Defendant Department notified Plaintiff Wilson how to appeal the suspension of Plaintiff's driving privilege.

Plaintiff Wilson had the opportunity to present evidence at the administrative hearing held after revocation of Plaintiff's license. Plaintiff Wilson does not allege that Plaintiff Wilson sought review of the final order by a writ of certiorari as provided by Ch. 322.31, Florida Statutes.

Plaintiff Wilson did not avail himself of the review procedure available to Plaintiff, or allege that the available remedy is inadequate. Plaintiff Wilson has established that Plaintiff was afforded procedural due process. The Court overrules Plaintiff's Objection #9.

This Court does not have jurisdiction to review the sufficiency of the evidence as to Plaintiff Wilson's convictions. The Court overrules all objections which are directed to the sufficiency of the evidence (#2, #4, #7, #10, #12, #13).

b. Double Jeopardy (Plaintiff's Objections #1, 11)

The "double jeopardy" clause of the Fifth Amendment applies in the context of multiple punishments for the same crime.

The Court notes that the Supreme Court has upheld the constitutionality of a statutory scheme similar to Florida's

Case No. 8:10-CV-1885-T-17MAP

statutory scheme for driver's licenses. See <u>Dixon v. Love</u>, 431 U.S. 105 (1977).

Plaintiff has brought this Sec. 1983 case for damages against the State of Florida for revocation of Plaintiff's driver's license, pursuant to Florida's statutory scheme. The facts of this case do not establish multiple punishments for the same crime. Plaintiff's license was not permanently revoked pursuant to a criminal sentence imposed by the State of Florida. <u>See</u>, e.g. <u>State, Department of Highway Safety and Motor Vehicles v. Degrossi</u>, 680 So.2d 1093 (Fla. 3d DCA 1996). While a judge may direct Defendant Department to revoke a defendant's driver's license upon conviction for certain crimes, the revocation of a driver's license is not the imposition of criminal punishment, but an "administrative detail supplementary to" the judicial function. <u>Smith v. City of Gainesville</u>, 93 So.2d 105, 107 (Fla. 1957). In this case, Defendant Department administratively revoked Plaintiff's license pursuant to Ch. 322.24 and 322.28, <u>Florida statutes</u>.

Plaintiff's objection as to this issue is overruled.

c.  Plaintiff's Objections #3, #5, #8

Plaintiff contends the Report and Recommendation is not accurate as to the revocation of Plaintiff's license in Tennessee, or that the notation Plaintiff's application that "DL record" cleared was based on Plaintiff's own assertion.

Plaintiff's driver's license was permanently revoked in Florida because Plaintiff has been convicted of five DUI's,

Case No. 8:10-CV-1885-T-17MAP

pursuant to Ch. 322.24 and Ch. 322.28, Florida Statutes. The above facts are not material to Plaintiff's claims. Therefore, if the Report and Recommendation is not correct as to the revocation of Plaintiff's license in Tennessee, or that Plaintiff's "DL record" may have been cleared based on Plaintiff's own assertion, these errors do not change the Court's conclusion that the Sec. 1983 claims Plaintiff asserts in the Complaint, violation of procedural due process under the Fourteenth Amendment and violation of the Fifth Amendment's double jeopardy clause, cannot succeed.

The Court overrules Plaintiff's objections as to these issues.

d. Plaintiff's Objection #6

Plaintiff Wilson contends that Plaintiff showed that he was entitled to a license by law, and the Report and Recommendation does not address Ch. 322.03, Florida Statutes.

Plaintiff's Complaint is based on violation of Plaintiff's constitutional right to procedural due process and the alleged violation of double jeopardy. The issue raised by Plaintiff does not change the Court's conclusion as to Plaintiff's constitutional claims.

The Court overrules Plaintiff's objection as to this issue.

e. Plaintiff's Objection #14

Plaintiff Wilson complains that Plaintiff was never notified

Case No. 8:10-CV-1885-T-17MAP

that Defendant Department could revoke his license for offenses committed prior to moving to Florida, or informed that he had to read all of Chapter 322.

The Court has found that Plaintiff Wilson was afforded procedural due process. The Court overrules Plaintiff's objection as to this issue.

3. Plaintiff's Amended Objection

Plaintiff's Amended Objection is directed to the statement in the Report and Recommendation as to the Tennessee's permanent revocation of Plaintiff's driver's license.

Even if the statement in the Report and Recommendation is wrong, this does not change the Court's conclusion that Plaintiff's claims for violation of procedural due process and for violation of the Fifth Amendment's double jeopardy clause cannot succeed. The Court therefore overrules Plaintiff's Amended Objection. Accordingly, it is

**ORDERED** that the Report and Recommendation is adopted and is incorporated by reference. The Court finds that Plaintiff's Complaint is frivolous, consisting of claims that cannot succeed. The Court **dismisses** this case with prejudice. The Clerk of Court shall enter a final judgment in favor of Defendant and against Plaintiff, and close this case. The Motion for Default Judgment is **denied** as moot.

Case No. 8:10-CV-1885-T-17MAP

DONE AND ORDERED in Chambers, in Tampa, Florida on this 6th day of June, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record